## JOHN M. PECK agt. JOHN WOOD.

### TAXATION OF COSTS.

*September Term,* 1846.

MOTION by defendant for retaxation of costs.

Peck agt. Wood.

From defendant's papers, it appeared, that this was an action of assumpsit, referred, at the Rensselaer circuit in 1845, to David Buel, Jr., Esq., sole referee, and brought to a hearing at the city of Troy, on the 9th September, 1845. On the 31st January, 1846, the referee reported in favor of the plaintiff $73.87. Judgment had been perfected and a *fieri facias* issued to the sheriff of Oswego on the 22d April last. A copy bill of costs, with notice of retaxation for the 23d day of June last, before A. B. Olin, Esq., recorder of the city of Troy, was received by defendant's attorneys, on the 18th June last. Olin, the recorder, being absent on the 23d June, the bill of costs was retaxed by J. Romeyn, Esq., judge, &c. Defendant's counsel, *who opposed the taxation (John [*210] Raymond, Esq.), objected before the taxing officer to the following items, to wit : "Counsel perusing and amending narr, $2." "Notice to plead and service of do., $0.75." "Notice of order for bill of particulars to show cause and proof of service, $0.75." "Attendance before judge to procure same, $1." "Attendance before judge on return of order, $1." "Attendance before judge to procure absolute order for bill of particulars, $1." "Proof of service of notice of inquest for judge, defendant and clerk, $1." "Notice of motion to refer and proof of service, $0.75." "Attorney and counsel fee on motion, $3." "Drawing bill of particulars and two copies, $2." "Notice of same to defendant's attorneys and proof of service, $0.75." "Proof of service of notice for referee and for defendant's attorneys, $1." "Draft of subpœna for reference and two copies, $1.50." "Drawing brief for hearing, $3." "Counsel perusing and amending judgment record, $2." "Serving bill of costs with notice of taxation, $0.50." "Proof of service of do., $0.50." "Attorney and counsel fee opposing defendant's motion to change venue, $6." "Drawing bill of costs for retaxation and copy, $1.50." "Copy costs and notice of retaxing, $0.75." "Proof of service of do., $0.50." "Serving bill of costs with notice of retaxation, $0.50." "Proof of disbursements and attendance of witnesses on retaxation, $1." "Witnesses' fees, as per

affidavit, attending 26 days, $13." " Travel of witnesses, as per do., $50.32." The objections made to the several above mentioned items were overruled, and the items allowed by the taxing officer, except the following, which were stricken out by him, to wit: " Attendance before judge to procure order for bill of particulars or show cause, $1." " Attendance before judge to procure an absolute order for bill of particulars, $1." " Drawing bill of particulars and two copies, $2." " Drawing brief for hearing, $3." " Counsel perusing and amending judgment record, $2." The affidavit of the plaintiff was read before the taxing officer, in support of the charges for witnesses' fees, travel attendance and subpœnaing witnesses on behalf of the plaintiff, which affidavit read as follows: (Title, &c.) " John M. Peck, the plaintiff in the above cause, being duly sworn, upon his oath, says, that at the Rensselaer circuit, in 1845, this cause was referred to David Buel, Jr., sole referee, and the same was brought to a hearing before the said referee on the ninth day of September, 1845. And this deponent further says, that each of the following named persons was duly subpœnaed to attend said hearing as witnesses on the part and behalf of this deponent, and that each said persons attended said hearing the [*211] *number of days, reside at the place and necessarily traveled the number of miles set opposite their respective names to reach the city of Troy where said reference was held. Hiram Ferguson, 3 days, Sandy Creek, 156 miles; Jabez H. Gilbert, 1 day, Pulaski, 150 miles; John Wood, Jr., 3 days, Pulaski, 150 miles; Ezekiel Rand, 3 days, city of Troy; Stephen Rand, 3 days, do.; David Philips, 2 days, Grafton, 17 miles; John W. Bates, 2 days, city of Troy; Russell Sage, 1 day, do.; Sophia Pierson, 1 day, do.; David Peck, 1 day, do.; Charles Tubs, 1 day, do.; Mr. Moon, two days, do. And this deponent further says that Mrs. Ferguson, the wife of the witness Hiram Ferguson, above named, was duly subpœnaed, as this deponent believes, as a witness for this deponent; that she was in the city of Troy during the three days that the said hearing was going on, and ready to

be called on whenever she should be wanted as a witness, but was actually present at the hearing but one day, and that the last named witness resides at Sandy Creek, in the county of Oswego, distant from the city of Troy 156 miles. And this deponent further says, that all the above named witnesses were necessary and material for him on the hearing of said cause, as he was advised by his counsel and verily believes, and further deponent saith not." (Signed, &c.) Jabez H. Gilbert's affidavit was produced on the part of the defendant before the taxing officer, which stated in substance, that he was sworn on the hearing of the cause, as a witness; he resided at Richland, Oswego county, about 160 miles from Troy, he was not subpœnaed in the county of Oswego, but at the city of Troy, on the 11th September, 1845; he did not travel from his residence to the city of Troy for the purpose of attending the hearing as a witness, or for any other purpose than his own private business, and was in the city of Troy on his own business at the time of the hearing, and was then subpœnaed by the plaintiff; he was not paid at any time any travel fees as a witness, nor was there any ever offered to him, he believed he was paid for one or two days' attendance. John Wood, Jr.'s, affidavit was not produced before the taxing officer, but was read as explanatory on the motion for retaxation, by defendant's counsel, which stated in substance, that he attended the hearing of the cause as a witness for the defendant, resided in Richland; he was never subpœnaed by plaintiff or on his behalf, as a witness, he did not travel or attend as a witness for plaintiff, but for defendant; he was never paid any travel fees, or fees for attendance by plaintiff, nor was any such fees ever offered to him; he was never requested by any person to attend as a witness for plaintiff; he was never promised any fees for travel or attendance as witness for plaintiff. John *Raymond, Esq., the [*212] counsel who opposed the taxation, stated in his affidavit that he objected to all the items, first above enumerated, and presented to the taxing officer the affidavit of Jabez H. Gilbert, on the retaxation, and objected to the traveling

fees charged for him as a witness, also objected to other wit-
nesses' fees charged in the bill.

On the part of the plaintiff, it appeared from the affidavit of
the plaintiff, that some time in the summer of 1845, and one
or two months before the hearing, Jabez H. Gilbert was at
the city of Troy, at the residence of plaintiff, on business,
plaintiff had been long acquainted with him, and they had
been on intimate terms for some ten years previous; plaintiff
spoke to him in relation to this suit, and stated to him, that
when the hearing took place, plaintiff should want him as a
witness, and asked him if he would not attend without oblig-
ing plaintiff to go or send to Oswego county for him.    Gilbert
informed him he would, if plaintiff would give him a short
notice of the time when the hearing took place; soon after
the cause was noticed, plaintiff sent word to Gilbert by Hiram
Ferguson, who resided near him, of the time and place of
hearing, and desired his attendance as a witness.    Plaintiff
was informed that Gilbert received such notice; when Gilbert
arrived at Troy, a day or two after the hearing had com-
menced, plaintiff served him with a subpœna, but did not pay
him any fees at the time, because Gilbert said he did not want
plaintiff to do so; plaintiff and Gilbert had a running account
with each other, and plaintiff expected that when they had a
settlement, his account for attending as a witness would be pre-
sented and paid by plaintiff; Gilbert's evidence given on the
hearing was material for plaintiff.    At about the time the cause
was noticed for hearing, plaintiff's counsel informed plaintiff
that John Wood, Jr., would be a material witness for him,
and a subpœna was made out for him; shortly afterwards
plaintiff learned that the witness would be present on the
hearing, and he delayed sending the subpœna for him.    On
the morning of the 9th September, before the hearing com-
menced, plaintiff served the subpœna on Wood, Jr., at Troy,
and gave him fifty cents, which Wood accepted as sufficient;
a material fact which was expected to be proved by plaintiff,
by the witness Wood, was proved by another witness, and
Wood was not called by plaintiff as a witness.

Peck agt. Wood.

Job Pierson, one of the attorneys and counsel for plaintiff, stated in his affidavit that the declaration was special. An order was obtained for defendant's attorneys to deliver a bill of particulars, proof of service of such order was made before the officer and absolute order obtained and served with notice thereof.

*Defendant's attorney served papers for motion to [*213] change venue, which was opposed by plaintiff's counsel and the motion denied. The cause was noticed for trial at the Rensselaer circuit in April, 1845, and plaintiff's counsel made an affidavit for a reference, which was not served, by reason of the agreement made between plaintiff's and defendant's counsel to refer the cause to a sole referee. Levi Smith, a clerk of plaintiff's attorney, in his affidavit, stated, that on the retaxation, the items of attorney's fees, and which were objected to by defendant's counsel, amounted to $32; the bill presented for retaxation by plaintiff's attorney, one-third of the $32 had been deducted; and that of the items objected to only $2.34 had been presented for taxation. The taxing officer deducted, from the items objected to, $9.50, but the officer should not have deducted of the items he intended to deduct only two-thirds thereof, as one-third had been deducted by plaintiff's attorney. The taxing officer deducted by inadvertence $3.16 more than he intended. After the bill of costs was first taxed, which was on the 13th of March last, and before it was retaxed, disbursements for postage had accrued, which were not contained in the original bill, and the bill retaxed varied in that and other respects from the first bill, and proof of such disbursements, and proof of the attendance of witnesses were made on the retaxation of the bill. A certificate of counsel was produced before the taxing officer, that the declaration was special. The only objection made by defendant's counsel to the charge of witnesses' fees, or the travel fees, was that of the travel of the witness, Jabez H. Gilbert, and the attendance of the witness Mrs. Ferguson, one or two days.

A. Z. McCARTY, *defendant's counsel.*

McCarty & Watson, *defendant's attorneys.*
Job Pierson, *plaintiff's counsel.*
S. D. Pierson, *plaintiff's attorney.*

Bronson, Chief Justice, struck out,

| | |
|---|---:|
| Proof of service of rule to plead, - - - - | $0 50 |
| do do final order for bill of particulars, - - | 50 |
| Notice of motion to refer at circuit, and proof of service (not done), - - - - - - | 75 |
| Attorney and counsel fee on motion to refer at circuit, not chargeable (5 *Hill*, 556), - - - | 3 00 |
| Proof of service of bill of particulars, - - - | 50 |
| do do notice of hearing for referee and party 4s and 4s, - - - - - - | 1 00 |
| Two copies subpœna, - - - - - | 50 |
| Proof of service of costs for taxation, - - | 50 |
| Copy costs, charged before, or twice, - | 50 |
| [*214] *Proof of service of do, - - - - | 50 |
| Travel fee of Gilbert (6 *Wend.* 548), - | 12 00 |
| | $20 25 |
| Deduct for mistake of taxing officer against the plaintiff, - - - - - - - | 3 16 |
| | $17 09 |

The affidavit as to the other witnesses was insufficient, but the question was not raised before the taxing officer, which the defendant makes here.

*Ordered,* That $17.09 be deducted from the bill of costs as taxed on the 13th of June last, and be allowed to the defendant on the judgment and execution.